[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 515–517; Dec. Dig. § 250.*]

2. CRIMINAL LAW (§ 1099*)—STATEMENT OF FACTS—TIME OF FILING.

Where accused complained of the misconduct of the jury, a statement of facts as to the evidence on the motion for new trial, which motion was overruled, cannot be considered where not filed until after the adjournment of court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

Appeal from District Court, Madison County; S. W. Dean, Judge.

Manse Johnson was convicted of manslaughter, and he appeals. Affirmed.

T. J. Ford, Carl T. Harper, of Madisonville, Dean, Humphrey & Powell, of Huntsville, and Fisher & Fisher, of Austin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of manslaughter and his punishment fixed at four years' confinement in the penitentiary.

[1] In some of the grounds of appellant's motion for new trial he complains that the evidence is insufficient to sustain the verdict. However, he does not present this matter in his brief. We have read the statement of facts. The proof by the state is sufficient to show practically an unprovoked killing of the deceased by appellant, and that he shot at him as many as four times and hit him three times. As soon as he shot at him the first time the deceased ran, pleading that he shoot him no more; but appellant pursued him and shot him twice more. The evidence is amply sufficient to sustain the verdict.

[2] In his motion for a new trial and supplemental motion, appellant complained of what he alleged was misconduct of the jury in some particulars. The state resisted this and made a motion to strike out appellant's supplemental motion setting up these grounds because it was filed too late. The record shows clearly that the court heard considerable evidence as to these matters in hearing and ruling upon the motions for new trial, and that after hearing all the evidence he overruled the motion. There is in the record what purports to be a statement of facts as to this evidence. The term of the court at which the trial occurred adjourned on May 17, 1913. This purported statement of facts on the hearing of said motion appears not to have been agreed to, and approved by the court until July 1, 1913, and filed the next day. The Assistant Attorney General objects to the consideration of this purported statement on the ground that it was not filed until long after the adjournment of the court, and under the law, in order to be considered, it must be filed during the term of court. The Assistant Attorney General's objections are well taken, and, under the uniform and repeated holdings of this court, this statement cannot be considered. It is useless to cite all the cases, but see Probest v. State, 60 Tex. Cr. R. 608, 133 S. W. 263; Knight v. State, 144 S. W. 967; Vick v. State, 159 S. W. 56.

There are no other questions presented.

The judgment will be affirmed.

---

### GERRADE v. STATE.

(Court of Criminal Appeals of Texas. Oct. 29, 1913.)

CRIMINAL LAW (§§ 1095, 1102*) — APPEAL — STATEMENT OF FACTS.

Documents purporting to be a statement of facts and bills of exception, not approved by the trial judge, will be stricken out on motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2847; Dec. Dig. §§ 1095, 1102.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Mrs. W. B. Gerrade was convicted of keeping a bawdyhouse, and she appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Appellant was convicted for keeping a bawdyhouse, and her punishment fixed as prescribed by law.

There is indexed in the record what is stated to be a statement of facts and three bills of exception. Neither of these documents were approved by the trial judge; hence the motion of the Assistant Attorney General to strike out these documents. is granted, and they will not be considered. There is no question raised that can be considered in the absence of a statement of facts.

The judgment will be affirmed.